IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MID-CONTINENT CASUALTY  )
COMPANY,                )
                        )
         Plaintiff,     )
                        )
vs.                     )   Case No. CIV-11-570-M
                        )
PERRY LARSON OPERATING  )
COMPANY, INC., JUAN CARIDE, )
TONI CARIDE, DESIRAE CARIDE, )
AND TIFFANY CARIDE,     )
                        )
         Defendants.    )

**ORDER**

Before the Court is Plaintiff, Mid-Continent Casualty Company's Motion to Remand, filed June 17, 2011. Plaintiff seeks removal on grounds of diversity jurisdiction. Specifically, Mid-Continent Casualty Company ("Mid-Continent") contends and defendant Perry Larson Operating Company, Inc. concedes there is not complete diversity of all parties in this case. Mid-Continent Casualty Company's principal place of business is in Oklahoma and defendants Juan Caride, Toni Caride, Desirae Caride, and Tiffany Caride ("Carides") are Oklahoma residents. On July 8, 2011, defendant Perry Larson Operating Company, Inc. ("Perry Larson") filed its response. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

In 2005 the Carides brought negligence and trespass claims against several entities, including Perry Larson in the District Court of Garvin County, State of Oklahoma, *Caride v. Combined Resources Corporation, et al.,* Case No. CJ-2005-143. Mid-Continent as Perry Larson's insurer is providing defense and coverage for Perry Larson in this state court action. On May 19,

2008, Mid-Continent filed a lawsuit against Perry Larson in the District Court of Garvin County, State of Oklahoma, *Mid-Continent Casualty Company v. Perry Larson,*, Case No. CS-08-237. On June 18, 2008, Perry Larson removed CS-08-237 to this Court (Mid-Continent Casualty v. Perry Larson Operating Company, Case No. CIV-08-628-M). Upon joint application from the parties, on August 28, 2008, this Court ordered CIV-08-628 administratively closed.

On January 31, 2011, Mid-Continent commenced the instant lawsuit in Garvin County District Court seeking a declaration that there is no coverage for defense or any liability in the Carides' litigation. On May 20, 2011, Perry Larson removed the instant lawsuit to this Court arguing complete diversity exists under 28 U.S.C. § 1332, and that the Carides, residents of Oklahoma, have been fraudulently joined. The Court disagrees.

Pursuant to 28 U.S.C. § 1441(b), an action not brought under federal question "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Moreover, "the courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states, and that the presumption is therefore against removal jurisdiction." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (internal quotations and citations omitted).

Here, it remains uncontested that Mid-Continent's principal place of business is Oklahoma and the Carides are Oklahoma residents. Mid-Continent brought this action in the District Court of Garvin County, State of Oklahoma. Therefore, the Court finds that this action is not removable. Accordingly, the Court GRANTS Plaintiff, Mid-Continent Casualty Company's Motion to Remand [docket no. 14] and REMANDS this action to the District Court of Garvin County, State of Oklahoma. In light of the Courts decision to remand this matter, the Court finds that defendant Perry Larson's Motion to Dismiss [docket no. 8] and defendant Perry Larson's Motion to

Consolidate [docket no. 9] are MOOT.

**IT IS SO ORDERED this 9th day of January, 2012.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE